IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLINTON ANDREW HACKLER #275908,<br><br>    Plaintiff,<br><br>v.<br><br>ARIK WILSON, *Police Officer*, *et al.*,<br><br>    Defendants. | NO. 3:23-CV-00890<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM OPINION AND ORDER

Clinton Andrew Hackler, an inmate of the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against police officer Arik Wilson, Blount County District Attorney Ryan K. Desmond, and attorney Dillon Zinser. (Doc. No. 1). Plaintiff also filed an Application for Leave to Proceed In Forma Pauperis (Doc. No. 2) and a Motion to Appoint Counsel. (Doc. No. 3).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under Section 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the

1

remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the SCCF to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund

account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Facts Alleged in the Complaint**

Plaintiff believes that he has been a "target" of Officer Wilson because Plaintiff "beat a case he set [Plaintiff] up on." (Doc. No. 1 at 5). On an unspecified date, Officer Wilson searched

3

Case 3:23-cv-00890    Document 9    Filed 12/21/23    Page 3 of 7 PageID #: 42

Plaintiff "illegally" and conspired "to set [Plaintiff] up on crimes that [he] did not commit . . . ." (*Id*. at 4). District Attorney Desmond and attorney Zinser "gave and allowed an illegal concurrent sentence w[h]ere only consecutive was allowed in order to coerce [Plaintiff] to accept plea." (*Id*.) District Attorney Desmond "also committed conspiracy and other acts . . . ." (*Id*.)

The complaint seeks the removal of Defendants from their positions, compensatory damages, and apologies from Defendants "for stress and time and effort exhausted and required due to the fraudulent sentence they coerced [Plaintiff] to accept." (*Id*. at 5).

**B. Analysis**

The complaint names three Defendants to this action: Alcoa police officer Arik Wilson, Blount County District Attorney Ryan K. Desmond, and attorney Dillon Zinser. Plaintiff sues each Defendant in his official capacity only. (Doc. No. 1 at 2-3).

According to the complaint, Defendant Zinser is an attorney engaged in the private practice of law. (*Id*.) It appears that Zinser is or was Plaintiff's criminal defense attorney. It is unclear whether Zinser is a public defender or a private attorney. In any event, criminal defense attorneys are not considered state actors for purposes of suit under 42 U.S.C. § 1983. Thus, regardless of whether Plaintiff might be able to bring malpractice claims against Zinser in state court, Plaintiff cannot bring suit against him in federal court for violation of Plaintiff's federal constitutional rights. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." ); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). The Section 1983 claims against Zinser, therefore, will be dismissed for failure to state a claim upon which relief may be granted.

Next, the complaint alleges that Officer Wilson is an employee of the Alcoa Police Department and Desmond is the District Attorney for Blount County. (Doc. No. 1 at 2). When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). It appears then, that Plaintiff seeks to hold the city of Alcoa and/or Blount County, Tennessee (in which Alcoa is located) liable for Defendants' alleged actions.

A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by the city, county, or its agent. *Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). Municipalities are not subject to liability for the deprivation of civil rights under the doctrine of respondeat superior. *See id*. at 691. Thus, for Alcoa and/or Blount County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official city of county policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, Plaintiff does not attribute his alleged harm to any city or county policy. In fact, the factual allegations of the complaint do not mention any city or county policies at all. Accordingly,

5

Plaintiff's official capacity claims against Wilson and Desmond will be dismissed for failure to state Section 1983 claims upon which relief can be granted.

Finally, to the extent that the complaint alleges that Plaintiff has been wrongly convicted, sentenced, and incarcerated, the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U .S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement, which is the case here. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Although Plaintiff cannot obtain relief for what he alleges is an unlawful confinement by way of this Section 1983 action, the dismissal of this action does not bar Plaintiff's ability to seek relief pursuant to 28 U.S.C. § 2254.[1]

---

[1] The Court makes no representations as to the timeliness or validity of any such habeas action.

### III.  CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the complaint fails to state Section 1983 claims upon which relief may be granted against all named Defendants. This case, thus, is **DISMISSED**.

Plaintiff's Motion for the Appointment of Counsel (Doc. No. 3) therefore is **DENIED AS MOOT.**

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full six hundred and five dollars ($605.00) appellate filing fee[2] or submit an application for leave to proceed in forma pauperis.  28 U.S.C. §§ 1915(a)(1) & (a)(2).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The fee increased from $505 to $605 for filing federal appeals on December 1, 2023. *See* District Court Miscellaneous Fee Schedule. *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).